

Case 14-1589, Document 114, 04/13/2016, 1749029, Page1 of 5

14-1589
Livingston v. Escrow

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of March, two thousand sixteen.

**PRESENT:**
AMALYA L. KEARSE,
ROSEMARY S. POOLER,
ROBERT D. SACK,
        *Circuit Judges.*

_____

DETROY LIVINGSTON,

     *Plaintiff-Appellant*,

v.                                                    14-1589-cv

JAMES ESCROW, G. HARVEY, KEITH DUBRAY, WILLIAM BILLS, RENEE GATES, N.R. WHITTEN, in their individual capacities,

     *Defendants-Appellees,*

JOHN DOE, GLENN GOORD, KAROL B. MANGUM, LEONARD JOBLOVE, CHARLES J. HYNES,

     *Defendants.*[1]

_____

---

[1] The Clerk of the Court is directed to amend the caption as above.

MANDATE ISSUED ON 04/13/2016

| | |
|---|---|
| Appearing for Appellant: | Detroy Livingston, pro se, Auburn, New York. |
| Appearing for Appellees: | Zainab A. Chaudhry, Assistant Solicitor General, (Barbara D. Underwood, Solicitor General, Andrew B. Ayers, Assistant Solicitor General, *on the brief*) *for* Eric T. Schneiderman, Attorney General of the State of New York, Albany, New York. |

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*; Feldman, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Detroy Livingston, proceeding pro se, filed a 42 U.S.C. § 1983 complaint against numerous defendants alleging that his right to due process was violated during prison disciplinary proceedings and that he was denied access to the courts because his legal mail, a letter from the New York Court of Appeals, was delayed. Livingston now appeals principally from the district court's grant of the defense motion to dismiss his due process claim as collaterally estopped, and from the October 25, 2013 judgments following a jury verdict dismissing all claims. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Livingston challenges the dismissal of his due process claim as barred by collateral estoppel under Federal Rule of Civil Procedure 50(a). We review the grant of a Rule 50(a) motion de novo, applying the same standard as the district court. *Velez v. City of New York*, 730 F.3d 128, 134 (2d Cir. 2013). "Rule 50(a) permits a district court to enter judgment as a matter of law against a party on an issue where there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." *Cobb v. Pozzi*, 363 F.3d 89, 101 (2d Cir. 2003) (internal quotation marks omitted).

2

Livingston argues that defendants James Escrow, G. Harvey and Keith Dubray waived the defense of collateral estoppel by failing to raise it in their answer to the amended complaint. While they did not do so, that is not fatal to defendants' ability to raise the issue at a later time, as the failure to include collateral estoppel in the answer is not an "absolute bar" to considering it, given "the strong public policy in economizing the use of judicial resources by avoiding relitigation." *Doe v. Pfrommer*, 148 F.3d 73, 80 (2d Cir. 1998) (quotation marks omitted). Livingston had notice that the defendants planned to assert a collateral estoppel defense because they had raised the defense in their answers to his original complaint; and Livingston was given an opportunity to be heard in opposition to that defense before the district court ruled on it.

Turning to the merits, "[u]nder New York law, collateral estoppel will preclude a federal court from deciding an issue if (1) the issue in question was actually and necessarily decided in a prior proceeding, and (2) the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the first proceeding." *McKithen v. Brown*, 481 F.3d 89, 105 (2d Cir. 2007) (internal quotation marks omitted). Livingston contests only the second element.

When a prisoner seeks to avoid the application of collateral estoppel as to an issue of law based on an Article 78 proceeding affirming prison discipline, he must "at least show that the alleged deficiencies in his disciplinary proceedings produced some significant effect on their review by the Appellate Division in the Article 78 Proceeding." *Giakoumelos v. Coughlin*, 88 F.3d 56, 60 (2d Cir. 1996). Livingston brought an Article 78 petition in the Third Department, which denied his claims. *See Livingston v. Fischer*, 52 A.D.3d 1152, 1153 (3d Dept. 2008). Livingston failed to meet his burden on this appeal. He argues that defendant Harvey provided inadequate employee assistance by failing to give Livingston a document showing that his positive drug test could be caused by a medication he was taking. However, he did not show that Harvey's alleged inadequate assistance "cast[s] doubt on the state court determination of this issue because the

3

Appellate Division had all of the pertinent, and undisputed, facts," *see id.* The Third Department had before it the record of the disciplinary hearing, at which a witness testified that this medication would not cause a false positive and Livingston stated that he had thrown away a document showing otherwise. The court could thus assess whether Harvey's alleged failure to provide the document deprived him of a full and fair opportunity to litigate the issue.

Livingston also contends that there is new evidence demonstrating that this medication could cause a false positive and that this new evidence defeats the application of collateral estoppel. Although the discovery of new evidence may in an appropriate case warrant a conclusion that a party was not afforded a full and fair opportunity to present his case, Livingston does not assert that he received the evidence in question after the Article 78 proceeding, and the record reflects that he had the same evidence before the disciplinary hearing. The evidence was therefore not new. *See Ryan v. New York Tel. Co.*, 62 N.Y.2d 494, 504 (1984) (evidence was not new for purposes of collateral estoppel when it was available at the time of the prior proceeding).

Livingston also argues that he was prejudiced by the jury seeing him being handcuffed, but the jury inadvertently seeing him handcuffed on one occasion does not require a new trial. *See United States v. Taylor*, 562 F.2d 1345, 1359 (2d Cir. 1977) ("Numerous cases support the proposition that an inadvertent view by jurors of defendants in handcuffs, without more, is not so inherently prejudicial as to require a mistrial."). Further, the court instructed the jury not to consider the fact that Livingston was in custody.

We review the district court's denial of Livingston's motion for a new trial for abuse of discretion. *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004). "A motion for a new trial ordinarily should not be granted unless the trial court is convinced that the jury has reached a seriously erroneous result or that the verdict is a miscarriage of justice." *Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 911 (2d Cir. 1997) (internal quotation marks and alterations

4

omitted). We have examined his arguments, and find Livingston failed to demonstrate that the jury's verdict was either seriously erroneous or a miscarriage of justice.

Livingston has advanced other arguments over which we lack jurisdiction because, in his notice of appeal, he did not designate those orders as being appealed. Fed. R. App. P. 3(c)(1)(B) (requiring that the notice of appeal "designate the judgment, order, or part thereof being appealed"). We have considered Livingston's remaining arguments that are properly before us and find them to be without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

5